J-S03029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIKE A. BROWN | |
| Appellant | No. 1156 EDA 2015 |

Appeal from the PCRA Order March 25, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1113631-1999

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 29, 2016**

Mike A. Brown appeals, *pro se*, from the order entered March 25, 2015, in the Philadelphia County Court of Common Pleas dismissing his petition for *habeas corpus* relief, which the trial court considered to be a serial, untimely PCRA[1] petition.  Brown seeks relief from the judgment of sentence of an aggregate seven to 22 years' imprisonment, imposed July 23, 2001, following his jury conviction of sexual assault, statutory sexual assault, and indecent assault[2] for his abuse of a 14-year-old victim.   On appeal, he contends the PCRA court erred in characterizing his *habeas*

_____

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3124.1, 3122, and 3126, respectively.

*corpus* petition as an untimely PCRA petition. For the reasons below, we affirm on the basis of the PCRA court's opinion.

The relevant facts and procedural history underlying this appeal are as follows. On January 25, 2001, Brown was convicted of the above-stated offenses. On July 23, 2001, he was sentenced to an aggregate term of seven to 22 years' imprisonment. This Court affirmed the judgment of sentence on direct appeal. **Commonwealth v. Brown**, 808 A.2d 242 (Pa. Super. 2002) (unpublished memorandum).

Thereafter, Brown filed two PCRA petitions, both of which were denied by the trial court, and affirmed on appeal. **See Commonwealth v. Brown**, 850 A.2d 5 (Pa. Super. 2004) (unpublished memorandum); **Commonwealth v. Brown**, 970 A.2d 464 (Pa. Super. 2009) (unpublished judgment order), *appeal denied*, 980 A.2d 604 (Pa. 2009).[3]

On January 6, 2011, Brown filed a *pro se* "Motion to Modify and Correct Docket," which the trial court construed to be a PCRA petition, and promptly dismissed on January 10, 2011. A panel of this Court, once again, affirmed the PCRA court's order on appeal, and the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Brown**, 32 A.3d 260 (Pa. Super. 2011), *appeal denied*, 34 A.3d 825 (Pa. 2011). Brown then

---

[3] A panel of this Court concluded that Brown's second PCRA petition, filed on August 30, 2007, was "patently untimely." **Commonwealth v. Brown**, *supra*, 970 A.2d 464 (unpublished judgment order at 2).

filed a *pro se* "Motion to Vacate Illegal Sentence and Impose Legal Sentence" in August of 2012, which the court denied.

Thereafter, on December 2, 2013, Brown filed a *pro se* petition for state *habeas corpus* review, asserting that the trial court lacked jurisdiction to try him because it had dismissed the charges two days before trial. **See** Petition for State Habeas Corpus Pursuant to 42 PACS § 6501, 12/2/2013, at 14-15. For reasons unclear in the record, the PCRA court did not receive the petition until February 11, 2015. **See** PCRA Court Opinion, 3/25/2015, at 1 n.1. On February 23, 2015, the PCRA court provided Brown with notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition as an untimely PCRA petition. Brown filed a *pro se* objection to the court's Rule 907 notice, asserting, *inter alia*, the court erred in characterizing the motion as a PCRA petition. The PCRA court subsequently dismissed the petition on March 25, 2015,[4] and this timely appeal followed.[5]

---

[4] We note Brown had also filed a *pro se* motion to dismiss the charges based on a violation of his speedy trial rights. The PCRA court disposed of that petition as well, concluding that the "boilerplate motion" was based upon Pa.R.Crim.P. 600, and, therefore, "specifically intended for people who are *awaiting* trial" unlike Brown who had "filed this motion more than a decade after he was tried, convicted and sentenced." PCRA Court Opinion, 3/25/2015, at 2. Brown has not challenged that ruling on appeal.

[5] The PCRA court did not direct Brown to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Brown contends the PCRA court erred when it characterized his petition for habeas corpus as an untimely PCRA petition. Rather, he claims he is entitled to habeas relief because he is "solely" challenging his "illegal incarceration and not his guilt or innocence." Brown's Brief at 12. Brown argues the trial court lacked jurisdiction to try him because it had dismissed the charges two days before trial.[6] Alternatively, Brown contends that even if the court properly treated his motion as a PCRA petition, the court erred in concluding the petition was untimely "in that [his] claim of double jeopardy is a non-waivable claim … [which] has resulted in a miscarriage of justice." *Id.* at 19.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have

_____

[6] This claim originates from the fact that, after the jury was selected, the Commonwealth alerted the court that the complainant, who was a dependent minor, had been sent "back to Oklahoma" without notice. N.T., 1/22/2001, at 66. Although the parties discussed discharging Brown, the court, instead, "delayed the start of the trial until January 24, 2001 to give the Commonwealth time to secure the appearance of the complainant." *Brown*, *supra*, 32 A.3d 260 (unpublished memorandum at 6), *quoting* PCRA Court Order, 1/10/2011, at 1 n.1.

no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Upon our review of the record, the parties' briefs, and the relevant statutory and case law, we conclude that the PCRA court properly construed Brown's self-styled petition for *habeas corpus* as a PCRA petition, and determined the petition was untimely filed. *See* PCRA Court Opinion, at 3-5 (finding (1) the PCRA "subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA[;]"[7] (2) Brown's petition raised the claim that "he is serving an illegal sentence because the trial court allegedly lacked subject matter jurisdiction[;]"[8] Brown's claim is cognizable under the PCRA;[9] Brown's petition was not timely filed within one year of the date his sentence became final; Brown failed to plead or prove an exception to the timelines provision; and, therefore, the PCRA court had no jurisdiction to consider the merits of his claim). Accordingly, we rest on the court's well-reasoned basis.[10]

_____

[7] PCRA Court Opinion, 3/25/2015, at 3, *citing Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998).

[8] *Id.*

[9] *See* 42 Pa.C.S. § 9543(a)(2)(vii).

[10] We note, too, that the claim raised herein appears to be identical to that raised in his 2011 "Motion to Modify and Correct Docket," which the court also construed as a PCRA petition. *See Brown*, *supra*, 32 A.3d 260 (unpublished memorandum at 4) (noting Brown's claim was that the trial court "lacked jurisdiction to hear [his] case, where the Commonwealth failed

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016

_(Footnote Continued)_ ─────────────

to reinstate charges against him following the court's grant of *nolle prosequi*, rendering his subsequent convictions defective"). Therefore, even if we were to find the present petition was timely filed, the claim raised therein has been previously litigated, and he would be precluded from raising it again. **See** 42 Pa.C.S. § 9544(a)(3) (claim has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.").

- 6 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          :

v.                                    :          CP-51-CR-111363FILED

MIKE BROWN                            :          MAR 2 4 2015

                                                 Post Trial Unit

OPINION

GLAZER, J.                                                March 25, 2015

## FACTUAL AND PROCEDURAL HISTORY

The procedural history and facts of this case have been previously set forth in opinions

issued by this court on April 30, 2008 and September 4, 2003, and are incorporated by reference

herein. See also Commonwealth v. Brown, No. 2332 EDA 2001 (Pa. Super. July 24, 2002) and

Commonwealth v. Brown, No. 2962 EDA 203 (Pa. Super. March 20 2004).

First, on January 18, 2012, defendant filed a "Motion to Dismiss for Violation of Right to

Speedy Trial."[1] Then, defendant filed the instant Post Conviction Relief Act petition on

December 2, 2013, but was not received by chambers until February 11, 2015.[2] During that time

period defendant also filed several pro se writings, as well as a response to the Court's 907

Notice of Intent to Dismiss which was filed on February 23, 2015.

For the following reasons, defendant's motion is denied and the petition is dismissed as

untimely.

---

[1] The motion is marked "Received" by the Clerk of Court on January 18, 2012, but is also date-stamped by the "First Judicial District of PA Criminal Motion Court" on January 28, 2013. It is unclear why there is a year difference between the two stamps, but for the purposes of this opinion, the court will treat the motion as being filed on the earlier date.

[2] Defendant captioned his petition as "Commonwealth of Pennsylvania, ex rel., Mike A. Brown, Petitioner v. Marirosa Lamas, Superintendent, et. al., Respondents" and titled it "Petition for State Habeas Corpus Pursuant to 42 PACS §6501." Because the petition shall be analyzed as a PCRA petition, for the reasons stated herein, the court changed the caption to properly reflect its status.

1

## DISCUSSION

Defendant was sentenced to a term of incarceration on July 23, 2001 for sexual assault, statutory sexual assault, and indecent assault. The Superior Court affirmed the judgment of sentence on July 24, 2002, and defendant did not file a petition for allowance of appeal. Therefore, his judgment became final on August 24, 2002.

On January 18, 2012, defendant filed a "Motion to Dismiss for Violation of Right to Speedy Trial."[3] The boilerplate motion includes statements such as "[t]he delay in bringing [defendant] to trial violates the [Constitution]," and defendant is being prejudiced because "[h]is recollection of the events and the witnesses he would call at trial has been dulled...," and the "lengthy wait has caused him great anxiety and has impaired his defense." Defendant's Motion to Dismiss. This motion, which is based upon Pa.R.Cr.P. 600, is specifically intended for people who are *awaiting* trial. It is not applicable to defendant—who filed this motion more than a decade after he was tried, convicted, and sentenced. Therefore, the motion to dismiss is denied.

Then, rather than seeking relief pursuant to the Post Conviction Relief Act, defendant titled his petition "Petition for State Habeas Corpus Pursuant to 42 PACS §6501" and requested habeas relief.[4] The Post Conviction Relief Act states that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542. In Commonwealth v. Peterkin, the

---

[3] The motion is marked "Received" by the Clerk of Court on January 18, 2012, but is also date-stamped by the "First Judicial District of PA Criminal Motion Court" on January 28, 2013. It is unclear why there is a year difference between the two stamps, but for the purposes of this opinion, the court will acknowledge the earlier date as when it was filed.

[4] In his response to the Court's 907 Notice, defendant claims that his petition is "civil in nature and not criminal" despite labeling his captions with "In The Court Of Common Pleas, Philadelphia County, Pennsylvania Criminal Division" and filing the petition with the criminal court.

2

Supreme Court of Pennsylvania explained that, "the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA and that any petition seeking relief under the PCRA must be filed within one year of final judgment." Commonwealth v. Peterkin, 722 A.2d 638, 640 (Pa. 1998). Nevertheless, in extraordinary circumstances, a writ of habeas corpus remains a viable means to obtain post-conviction collateral relief, if the claim raised therein is not cognizable under the PCRA. See Commonwealth v. Judge, 916 A.2d 511, 518–21 (Pa. 2007) (holding that because the PCRA did not provide a remedy for an allegation that Canada violated a petitioner's rights under the International Covenant for Civil and Political Rights, the petition may be raised as a writ of habeas corpus).

Defendant's petition does not fall into that rare category. Rather, the genesis of defendant's argument is that he is serving an illegal sentence because the trial court allegedly lacked subject matter jurisdiction. This claim is clearly within the purview of the PCRA, and therefore shall be analyzed accordingly.

Once defendant's judgment became final on August 24, 2002, he had one year to file a post conviction petition.[5] Therefore, defendant's current petition filed on December 2, 2013 is patently untimely unless it properly invokes an exception to the timeliness provision. The three exceptions to the one-year limitation pursuant to 42 Pa.C.S.A. §9545 (b)(1)(i)-(iii) are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[5] Because the instant petition is not defendant's first, the one-year grace period provided in the 1996 amendments to the PCRA "does not apply to second or subsequent petitions, regardless of when the first petition was filed." Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002), appeal denied, 573 Pa. 703, 827 A.2d 429 (2003).

3

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

If a petition does not satisfy the timeliness requirements, then the court is without jurisdiction to address the merits of a defendant's claims. See Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003). Additionally, in order to be eligible for relief, the petitioner must raise an "allegation of error [that] has not been previously litigated or waived." 42 Pa.C.S.A. §9543(a)(3). An issue is deemed to have been waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. §9544(b).

In his instant petition, defendant claims that once the trial court granted the Commonwealth's motion to discharge the defendant without prejudice prior to a jury being sworn in, it lacked subject matter jurisdiction to conduct a trial several days thereafter. However, the petition is entirely devoid of any mention regarding the PCRA's statutory time restrictions, or how this claim satisfies one of the three aforementioned exceptions.[6] Issues surrounding subject matter jurisdiction asserted in a PCRA petition must first satisfy the timeliness requirements before the court may address the merits of a defendant's claims. See Commonwelath v. Taylor, 933 A.2d 1035, 1042-43 (Pa. Super. 2007). Because defendant has failed to plead and prove by a preponderance of evidence any of the required time-bar exceptions, defendant's petition is deemed untimely.

Moreover, this is not the first time defendant raised this issue. Defendant has filed prior motions that focused on the substantially same claim as asserted here. This court denied those motions. See Orders dated August 22, 2012 and January 10, 2011. Since this claim has been previously litigated in various fashions it is not entitled to further examination. The chapter on

---

[6] Nor has defendant amended his petition to overcome this burden.

4

this issue was closed years ago, and *no matter how defendant titles his motion or frames the argument*, such attempts will remain fruitless.

As a result, this court is without jurisdiction to consider the merits proffered therein, and the petition is hereby dismissed.

BY THE COURT:

GLAZER, J.

<u>PROOF OF SERVICE</u>

I, Eli Marc Bensignor, law clerk to the Honorable Gary S. Glazer, hereby certify that I served

on March 25, 2015, by first-class mail, postage prepaid, a true and correct copy of the foregoing

Order and Opinion upon the following:


Robin Godfrey, ADA
District Attorney's Office- PCRA Unit
3 South Penn Square
Corner of Juniper and S. Penn Square
Philadelphia, PA 19107-3499

Natasha Lowe, Esquire
PCRA Unit
Criminal Justice Center, Room 206
1301 Filbert Street
Philadelphia, PA 19107

**CERTIFIED MAIL**
Mike Brown, ES7898
SCI Benner
301 Institution Drive
Bellefonte, PA 16823

Eli Marc Bensignor
Law Clerk